UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at COVINGTON

TIMOTHY HOLLINGSWORTH,          )
                                )
          Plaintiff,            )          Civil Action No. 2:17-106-WOB
                                )
v.                              )
                                )
SEAN WELCH, et al.,             )          **MEMORANDUM OPINION**
                                )              **AND ORDER**
          Defendants.           )
                                )

*** *** *** ***

In 2015, Plaintiff Timothy Hollingsworth was convicted of multiple crimes in the Campbell County Circuit Court in Campbell County, Kentucky, including the fraudulent use of a credit card and receiving stolen property. *See Commonwealth v. Hollingsworth*, Campbell Circuit Court Case Nos. 14-cr-319 and 14-cr-320  While Hollingsworth's criminal cases were ongoing in Campbell Circuit Court, he filed a civil rights complaint in this Court against multiple law enforcement officers in which he alleged, among other things, that those individuals violated his constitutional rights by using his "cell phone, without his permission and without a search warrant to set up drug deals" at a Travelodge Motel in Newport, Kentucky in February of 2014. *See Hollingsworth v. Gabbard*, No. 2:14-cv-174 (E.D. Ky. 2014).  This Court, however, ultimately granted summary judgment in favor of the officers and dismissed Hollingsworth's claims. *See id.*

Hollingsworth has now filed another civil rights complaint with this Court, naming as Defendants the same two officers he sued in his last case, as well as several other law enforcement officials. [R. 1]. Hollingsworth's latest complaint and other submissions are somewhat disjointed and very difficult to understand. However, Hollingsworth appears to be reasserting the same claim

that this Court previously resolved; after all, he specifically references "what took place on February 5th 2014 at the plaintiff's hotel room at the Travelodge in Newport, KY." [R. 1 at 2]. Hollingsworth also appears to be attacking his underlying state court convictions; indeed, he attaches numerous documents referring to those matters [R. 1-1 at 1; R. 6-1; R. 8-1; R. 8-2], says the defendants "planted DNA evidence against the plaintiff and their testimony can't be trusted," and claims that at least one of the defendants "obstructed justice" and "tamper[ed] with physical evidence." [R. 1 at 3-4]. Plus, while Hollingsworth is seeking several different forms of relief, including but not limited to money damages, he also clearly says, "My case must be overturned." [R. 1 at 3].

The Court has now conducted its initial screening of Hollingsworth's complaint and various submissions pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, and it will dismiss his claims. As an initial matter, Hollingsworth is simply precluded from reasserting matters that this Court previously resolved in 2015. Moreover, to the extent that Hollingsworth is now asserting civil rights claims that would challenge the validity of his underlying state court convictions, those claims are barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). Under *Heck*, to recover damages for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a plaintiff must first prove that his "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 486-87 (footnote omitted). Therefore, Hollingsworth's claims are barred under *Heck* at this time because his criminal convictions in *Commonwealth v. Hollingsworth*, Campbell Circuit Court Case Nos. 14-cr-319 and 14-cr-320 have not been invalidated.

Finally, to the extent that Hollingsworth requests that the Kentucky State Police or any other entity open up an investigation against Defendants, such relief is not available in this Court. Absent actions amounting to contempt of court, this Court cannot impose criminal penalties against the named defendant through the mechanism of a civil rights action. *Sahagian v. Dickey,* 646 F.Supp. 1502, 1506 (W.D.Wis.1986). Likewise, the Court cannot initiate criminal or regulatory investigations of any defendant. Rather, authority to initiate criminal complaints rests exclusively with state and federal prosecutors. *Id.* "Such complaints must be initiated by the appropriate prosecutorial office: a state court prosecutor, a United States Attorney, or a federal grand jury; a federal court has no authority to do so." *Young v. Herald*, 2005 WL 1048117 at *8 (E.D.Ky., May 3, 2005)(citations omitted).

Accordingly, **IT IS ORDERED** that:

1.     Hollingsworth's claims against Defendants are **DISMISSED** without prejudice.

2.     All pending requests for relief, including Hollingsworth's Motion to Support More Facts [R. 8] are **DENIED AS MOOT**.

3.     This action is **DISMISSED** and **STRICKEN** from the Court's docket.

4.     A corresponding judgment will be entered this date.

This  29th  day of March, 2018.



Signed By:

*William O. Bertelsman*   WOB

**United States District Judge**